IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES MICHAEL QUINN, and
LAVERN GONZALEZ, Individually and
As Next Friend to FABIAN CHAVEZ, a Minor,

    Plaintiff,

    vs.                                                    Civ. No. 12-5 KBM/ACT

WILLIAM LEON YOUNG,
BENJAMIN MELENDREZ,
SGT. LOUIS ARMIJO, a Supervisor,
JOHN OR JANE DOES No. 1 and 2, Supervisors,
NADINE HAMBY and JOHN OR JANE DOE NO. 3,
Spokespersons, Albuquerque Police Department,
RAY SCHULTZ, Chief, Albuquerque Police Dept.,
ALBUQUERQUE POLICE DEPARTMENT, and
CITY OF ALBUQUERQUE,

    Defendants.

## ORDER STAYING DISCOVERY

**THIS MATTER** comes before the Court on Defendants' Motion to Stay Discovery and Memorandum in Support [Doc. No. 14] filed on July 11, 2012 ("Motion"), Plaintiff's Response to Motion to Stay Discovery [Doc. No. 23] filed on August 22, 2012 ("Response"), and Defendants' Reply [Doc. No. 27] filed on August 31, 2012 ("Reply").  A Notice of Briefing Complete [Doc. No. 28] was filed on August 31, 2012.  The issue before the Court is whether discovery should be stayed pending determination of the qualified immunity defense set forth in Defendants' Motion for Summary Judgment. [Doc. No. 13].  The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, finds the Motion is well taken and will be GRANTED.

The Court notes that Plaintiffs do not object to a stay of discovery as to Defendants Armijo, Young and Melendrez, but request that discovery not be stayed with respect to the municipal defendants.  In Plaintiffs' Counsel's Rule 56(d) Affidavit ("Rule 56(d) Affidavit") attached to Plaintiffs' Response to Defendants' Motion for Summary Judgment [Doc. No. 22], Plaintiffs state that there are "insufficient depositions available at this time to allow plaintiff to respond effectively to Plaintiff's argument about summary judgment on the issue of Municipal Liability" and that further discovery is needed to fully address the *Monell*[1] claims raised in Plaintiff's Complaint.  [Rule 56(d) Affidavit, Ex. 4 to Plaintiff's Response.] Plaintiffs specifically request the production of documents and depositions "to determine the nature of conversations between Sergeant Armijo's Lieutenant and his superior officers[.]" [Id.] Plaintiffs argue that because there can be no qualified immunity on the issue of municipal liability, a stay of discovery should apply only to the individual Defendants. [Id.] Plaintiffs further argue that "[w]hile a stay of all discovery may make sense from a case management standpoint, these qualified immunity arguments typically yield lengthy delays due to the interlocutory appeals which are frequently taken.  Plaintiffs simply prefer to proceed with discovery on the municipal liability claims while that process plays out." [Plaintiffs' Response at 2.]

Qualified immunity recognizes the legitimate "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority."  *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (quoting Butz v. Economousm, 438 U.S. 478, 506 (1978)).  Qualified immunity is not only a defense to liability

---

[1] The Tenth Circuit has explained that there are two elements that a plaintiff must show when "suing a county under section 1983 for the actions of one of its officers": (i) "a municipal employee committed a constitutional violation"; and (ii) "a municipal policy or custom was the moving force behind the constitutional deprivation."  *Myers v. Oklahoma Countu Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

but also entitlement to immunity from suit and other demands of litigation.  *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (*citing Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)).  The doctrine of qualified immunity not only protects government officials from the costs associated with trial, but also from "the other burdens of litigation," which include "the burdens of broad reaching discovery."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal quotations omitted).  When a defendant asserts qualified immunity, the district court should stay discovery until the immunity issue is resolved.  *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009).  When a defendant asserts qualified immunity at summary judgment, the responsibility shifts to the plaintiff to meet a "heavy two-part burden."  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).  The plaintiff must demonstrate on the facts alleged that: (i) the defendant's actions violated his or her constitutional or statutory rights; and (ii) the right was clearly established at the time of the alleged unlawful activity.  *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  In evaluating whether the right was clearly established, the court considers whether the right was sufficiently clear that a reasonable government employee in the defendant's shoes would understand that she he did violated the right.  *See Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir. 2007).

The Supreme Court has suggested that, to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the government officials to move to dismiss the action based on qualified immunity before discovery is ordered.  *See Crawford-El v. Britton*, 523 U.S.

574, 598 (1998). The Tenth Circuit Court of Appeals has addressed whether to permit limited discovery for purposes of responding to a motion for qualified immunity. *See, e.g., Trask v. Franco*, 446 F.3d 1036, 1041-42 (10th Cir. 2006) (district court did not abuse discretion in denying additional discovery where Rule 56(f)[2] affidavits neither identified any "probable facts not available," nor stated with specificity how the additional material would rebut qualified immunity motion) (citation omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (if discovery is allowed to respond to a qualified immunity motion, it "must be tailored specifically to the question of [defendant]'s qualified immunity") (citation omitted); *Lewis v. City of Ft. Collins*, 903 Fd.2d 752, 758 (10th Cir. 1990) ("[I]n response to a summary judgment motion based on qualified immunity, a plaintiff's 56[d] affidavit must demonstrate how discovery will enable them to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion") (citations and internal quotations omitted). The Tenth Circuit further observed that Rule 56(d) discretion "must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.' Liberal application of [R]ule 56[d] should not be allowed to subvert the goals of *Harlow* and its progeny." *Id.* (emphasis in original) (citation omitted). *See also Jones v. City and County of Denver, Co.*, 854 F.2d 1206, 1211 (10th Cir. 1988) (Rule 56[d] discretion is further restricted in the face of a summary judgment motion based on qualified immunity).

---

[2] The operative language of Rule 56(d) was previously found at Rule 56(f), prior to the 2010 amendment to the rules.

In the instant case, Plaintiffs' Rule 56(d) Affidavit demonstrates no specific connection between the information Plaintiffs seek in discovery and the Defendants' qualified immunity defense. Instead, Plaintiffs request discovery on the issue of municipal liability and argue that Plaintiffs prefer to proceed with discovery on the municipal liability claims while the qualified immunity defense is being decided. However, a stay as to Defendants Armijo, Young and Melendrez would not relieve them of the burden of monitoring discovery that occurs among the other parties. Because Plaintiffs have not met their burden in demonstrating with specificity how the requested discovery is linked to the validity of the qualified immunity defense, a full stay is consistent with the goals of qualified immunity.

Discovery in this case is stayed as to all Defendants pending the Court's ruling on Defendants' Motion for Summary and Memorandum in Support, Requesting Dismissal of Plaintiffs' Entire Complaint [Doc. No. 13].

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**